HUDSON NAVIGATION CO. v. OLCOTT.

(Supreme Court, Special Term, New York County. June, 1913.)

MUNICIPAL CORPORATIONS (§ 719*)—PIERS—LEASE. ·
    A lessee from the city of New York of the outer end of a pier not designed or used as a recreation pier, who pursuant to license from the commissioner of docks, as authorized by Greater New York Charter (Laws 1901, c. 466) § 844, erects and maintains thereon sheds for the protection of cargoes, and who uses the same for that purpose, is within the section, and no vessel may use that part of the pier without his consent; and one engaged in transporting passengers and country produce may not use that part of the pier for passengers without the lessee's consent, notwithstanding section 837, authorizing the setting apart of piers for the convenience of dealers in country produce transported. to the city for sale.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1425, 1529–1535; Dec. Dig. § 719.*]

Action by the Hudson Navigation Company against Eben E. Olcott. On motion to continue an injunction pendente lite. Denied.

Van Vorst, Marshall & Smith, of New York City, for the motion.
    Olcott, Gruber, Bonynge & McManus, of New York City (W. M. K. Olcott and T. B. Chancellor, both of New York City, of counsel), opposed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J. This is a motion to continue an injunction pendente lite restraining the defendant from interfering with the plaintiff in the docking of its boats at the pier at 129th street and North river. The plaintiff is a foreign corporation authorized to do business in this state, and operates two lines of night steamships for the carriage of passengers, one line, commonly known as the People's Line, running between New York City and Albany, and the other, commonly known as the Citizens' Line, running between New York City and Troy, and also operates an excursion boat on Sundays between New York City and Poughkeepsie. The defendant also is engaged in the business of steam transportation, being president of the companies known as the Hudson River Day Line and the Mary Powell Steamboat Company, which operates steamships upon the Hudson river for the carriage of passengers by day, and he is also a director in several railroads which connect with the principal landings at which the vessels of his company make stops. The defendant has for a number of years held a lease from the city of New York of the outer end of the pier in question. This pier is used as a landing for the boats of the defendant's two companies above named. He has also granted to numerous other boats the privilege of using the pier for the purpose of taking on and discharging passengers. For a number of years the defendant has given to the plaintiff the right to use the pier in question for its line of steamboats running to Albany, and in May of this year he gave them a temporary landing privilege for the Troy boats, which he subsequently refused to extend, on the ground that the capacity of the pier had been reached, and that it would be dangerous to allow it to be used by an additional number of boats.

The real question at issue between the plaintiff and the defendant is whether the latter has any right whatever to exclude the former from the use of the pier. The plaintiff claims that the pier, being what is known as a recreation pier, is an open and public dock, and that, at most, all that was leased by the city to the defendant was the right to collect wharfage for the use and occupation of the pier. The defendant, on the other hand, claims that under the provisions of section 844 of the Greater New York Charter (Laws 1901, c. 466) no one is entitled to use the pier without his consent. The section referred to, so far as it need be quoted, is as follows:

"Whenever any person, company or corporation, engaged in the business of steam transportation, shall be owner or lessee of any pier or bulkhead in the city of New York, and shall use and employ the same for the purpose of regularly receiving and discharging cargo thereat it shall be lawful for such owner or for such lessee, with the consent of the lessor, to erect and maintain, upon such pier or bulkhead, sheds for the protection of property so received or discharged, provided they shall have obtained from the commissioner of docks, in said city, license or authority to erect or maintain the same, and subject to the conditions and restrictions contained in such license or authority. * * * Any such owner or lessee of a pier, or of a pier or bulkhead, or a part thereof, in respect to which the commissioner of docks shall have granted the license or authority herein specified, shall be entitled to the use of the premises so owned or leased by them and no vessel shall be placed in any berth on such pier, or bulkhead, or part thereof, without the consent of such owner or lessee, during the continuance of such license."

It is undisputed that in this case the defendant has, pursuant to license from the commissioner of docks, erected and maintained upon the outer end or extension of the pier in question sheds for the protection of property in the manner specified in the section just quoted. This extension of the outer end of the pier into the river was never designed or used in any way as a recreation pier. It also appears from the papers that the defendant employs the pier for the purpose of regularly receiving and discharging cargo thereat; such cargo consisting of trunks, valises, bicycles, canoes, and other baggage belonging to passengers, and other cargoes unspecified in the papers. My opinion is, therefore, that the defendant comes within the provisions of the section quoted, and that under the provisions of that section no vessel can make use of that portion of the pier leased to him without his consent.

The plaintiff relies upon the provisions of section 837 of the charter, which are as follows:

"The commissioner of docks is hereby authorized to set apart * * * piers in the city of New York * * * as the said commissioner of docks shall deem, from time to time, necessary for the use of the inhabitants of the city of New York, as hereinafter provided, and for the convenience of dealers in country produce and other merchandise transported to the city of New York for sale. The purpose of this section is to afford the inhabitants of the city of New York greater opportunity for healthful recreation than they now possess, and to accomplish such end the said commissioner of docks is hereby authorized to construct or rebuild the piers set apart under the provisions of this section for public use in such manner as shall provide a platform or upper story thereof, and the approaches thereto shall be constructed under the direction of a skilled architect, who shall be employed by said commissioner of docks for that purpose; the intention hereof being to permit the upper story of each one of the piers * * * set apart for public use to be wholly free to the inhabitants of said city for the purpose aforesaid without interference with business occupations, and the said piers on the lower stories thereof shall be open to use to boats and vessels plying upon canals, rivers and lakes of this state which may bring merchandise to the city for sale therein. The occupation of positions by boats at the piers herein mentioned shall be under the control of the commissioner of docks, and order shall be maintained by the police authorities of the city of New York in and around such portions of the said docks as may be set apart for recreation purposes aforesaid. Except as hereinafter provided, no wharf, pier, bulkhead or shed shall be required by the commissioner of docks to be so constructed as to admit of the free public use of the roof thereof for the purposes of resort and recreation."

The plaintiff shows in its moving affidavits that it transports country produce, fruit, vegetables, and dairy products to the city of New York, and claims that as the pier in question is used for recreation purposes it should be permitted to land its boats as it desires. The fact is, however, the plaintiff has not sought the privilege of stopping at the pier in question on its way to New York, nor has it sought nor has it received, in the docking privileges it has heretofore enjoyed, the right to land freight, but only to take on passengers, and that only on its trips up the river. It has its own pier farther down the river where it discharges its cargo. It is not necessary, therefore, to determine whether or not in a proper case a person or corporation bringing country produce and other merchandise to the city of New York for sale

could obtain the right to use a pier exclusively appropriated under the provisions of section 844 of the charter. The defendant states without contradiction that large portions of the pier toward the shore are used for the purpose of unloading country produce; his lease covering only the outer end and a portion of the two sides of the pier.

The motion is therefore denied, with $10 costs.